IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNA M. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05 CV 554 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JOANNE B. Barnhart, Commissioner, | ) | MEMORANDUM OF DECISION |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff has filed an application for benefits under Title XVI of the Social Security Act, 42 U.S.C. §§3181 et seq. The parties have briefed their respective positions and the matter is now ripe for decision.[1]

Plaintiff applied for Supplemental Security Income ("SSI") on August 6, 2002. Her application was denied both initially and on reconsideration. TR 30-35, 40-43.[2] She then requested and received a hearing before an administrative law judge ("ALJ"), who ultimately ruled against her, and the Appeals Council also denied her request for further review, on November 1, 2005. TR 7-10. That became the final decision of the Commissioner.

She now seeks reversal of the Commissioner's denial of benefits, claiming, for several reasons, that the ALJ erred by:

---

[1] This matter is before the undersigned by the consent of the parties pursuant to 28 U.S.C. §636(c).

[2] "TR" refers to the transcript of the record, filing 20.

>    a.  Not adequately counseling the plaintiff on her right to representation;
>
>    b.  Failing to develop the record;
>
>    c.  Incorrectly analyzing the plaintiff's testimony and the weight of the medical evidence in reaching his conclusion on plaintiff's residual functional capacity; and
>
>    d.  Inadequately questioning the vocational expert, making his conclusions not supported by substantial evidence.

Plaintiff's Brief, filing 17.

## Background Facts

Plaintiff's application for benefits stated that she suffered from fibromyalgia, insomnia, depression, irritable bowel syndrome, and memory loss.  TR 63.  When she applied, she was 36 years old and had no work history.  Id.  She had had surgery on her neck April 30, 2001 (diskectomy with fusion at C4-C5).  She had also had surgery on her left elbow (ulnar nerve transposition) on August 15, 2002, and was at least considering the same surgery on the right elbow.  TR 166.  Her application was augmented with medical records from Steven J. Wees, M.D., Alegent Mercy Medical Center, Michael S. Frumkin, M.D., Peter Daher, M.D., R. Schuyler Gooding, M.D., Samuel E. Moessner, M.D., Barbara Schuett, M.A. (psychological evaluation 11-13-02), and several reports of examinations and assessments from the state Disability Determination Section and from the Nebraska Department of Health and Human Services.  TR 188- 244.

At plaintiff's request, an administrative hearing was held April 28, 2004.  At that time plaintiff was 37 years of age.

Plaintiff was not represented.  She had not inspected the administrative record, but the above mentioned medical records were in her claim file.  Upon questioning by the ALJ, plaintiff testified as to her education, work history (none), and daily routine activities, which included caring for four of her own children (ages 7, 9, 13, and 15) and a nephew (age 6 months).  TR 410.  She was eight months pregnant but did not attribute her back pain to the pregnancy in any way.  TR 424.  She testified as to her medical treatment and complaints.  TR 415-424.

In addition, a vocational expert ("VE") testified.  In response to the ALJ's hypothetical questions, the VE testified that there would be many "light" work or sedentary jobs in the region that, given the plaintiff's education and medical condition, she could do, so long as the assumption was that she had no or only slight limitations on her physical activities and cognitive skills (attention, concentration, understanding, memory), and that her pain was only "slight to moderate."  TR 425-28.  However, if her pain were assumed to be "moderate to severe," she could not work at all.  TR 426, 427.

The ALJ's decision was issued on July 27, 2004.  TR 19-29.  His opinion traced the five-step sequential analysis required by 20 C.F.R. §416.920, reviewing the medical records and the testimony adduced at the hearing.  He discounted the plaintiff's testimony about her subjective pain and mental limitations, and concluded, despite her having "severe" fibromyalgia, depression, and vertigo, that she could perform the full range of "light" work available in the national economy.  He thus ruled that the Commissioner had met her burden, and plaintiff was not entitled to benefits.

After the ALJ's decision denying benefits, additional documents were provided to the Appeals Council:

- Additional treatment records from Peter M. Daher, M.D.

- Internet articles regarding various medications

- Psychiatric Intake Evaluation dated October 12, 2004 and progress notes dated November 23, 2004, all from Creighton University Psychiatry Department

- Letter from plaintiff's counsel dated November 22, 2004[3]

- Transcript of Administrative Hearing held April 28, 2004

The Appeals Council's decision was issued November 1, 2005. It recited that it had considered the record and the additional evidence and had concluded that there was no reason to alter the ALJ's ultimate findings. TR 7-9.

## DISCUSSION

The Commissioner's decision must be affirmed if it is supported by substantial evidence on the record as a whole. "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Maresh v. Barnhart, 431 F.3d 1073, 1074 (8th Cir. 2005); Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2004) (quoting Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)). The court must consider the whole record, including evidence that supports as well as detracts from the Commissioner's decision; reversal is not warranted simply because some evidence may support the opposite conclusion. Id. Furthermore, "[Courts] defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) citing Gregg v. Barnhart, 354 F. 3d 710,

---

[3] See TR 6 for listing of Exhibits AC 1-6. The documents are found at TR 245 - 403.

714 (8th Cir. 2003).  A court may not reverse the Commissioner's decision merely upon a finding that it would have reached a contrary conclusion.  Id.  "If, after review, [the court] find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [it] must affirm the denial of benefits."  Id. (citation and internal quotation marks omitted).  Vandenboom v. Barnhart, 421 F.3d 745, 749 (8th Cir. 2005).

   The Commissioner is required by regulation, 20 C.F.R. § 416.920, to perform a five-step process in evaluating claims of disability.  See Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004).

> During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security Income listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work.  Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (citation omitted).  "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.  The fourth step in this analysis requires the ALJ to determine a claimant's [Residual Functional Capacity]."  Id. at 590-91.  "A disability claimant has the burden to establish her RFC."  Id. at 591 (citing Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004)).  If the claimant establishes her inability to do past relevant work, then the burden of proof shifts to the Commissioner.  Id. "The Commissioner must then prove, first that the claimant retains the RFC to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to perform."  Id. (citing Nevland v. Apfel, 204 F. 3d 853, 858 (8th Cir. 2000)).  Moreover, "[t]he burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."  Stormo, 377 F.3d at 806.

5

Goff v. Barnhart, 421 F. 3d at 789-790.  "While a 'deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case,' inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand."  Draper v. Barnhart, 425 F. 3d 1127, 1130 (8th Cir. 2005); Reeder v. Apfel, 214 F. 3d 984, 988 (8th Cir. 2000); Boyd v. Sullivan, 960 F. 2d 733, 736 (8th Cir. 1992); however, the Commissioner's decision must be affirmed if there is substantial evidence in the record to support it.  Hogan v. Apfel, 239 F. 3d 958, 960. (8th Cir. 2001).

    Plaintiff's first argument is that the ALJ did not, at the administrative hearing, properly advise her of her right to representation, citing HALLEX and Warren v. Barnhart, 190 F. Supp. 2d 1173 (E.D. Ark. 2002).  Failure to follow administrative manuals' procedures, however, are not fatal to the Commissioner's decision so long as no prejudice has arisen from the failure. Schwieker v. Hansen, 450 U.S. 785, 789 (1981) (per curiam) (internal claims manuals do not bind the Commissioner); Clark v Shalala, 28 F. 3d 828, 830-31 (8th Cir. 1994) (ALJ is not required to act as claimant's counsel, so long as full record developed and claimant was "fully informed" of her right to counsel).  The record does not support a finding that the plaintiff was not fully aware of her right to have legal representation at the hearing.[4]

---

    [4] ALJ:    All right, Ms. Graham, you appear here today without an attorney.  I've been handed a waiver where you waive the presence of an attorney and your signature appears on that; and, you understand you have a right to an attorney, but, you are waiving that attorney at this time.  Is that correct?

    Claimant: Yes.

TR 406.  In addition, the notice to plaintiff of the adverse

6

In <u>Warren v. Barnhart</u>, the court found that reversal was required by the ALJ's failure to properly advise the claimant as to her right to an attorney and the availability of free or low-fee legal services—-when she had expressed a desire to be represented by an attorney. His later failures, to advise her of the sequential analysis and the shifting burdens of proof and to offer her an opportunity to cross examine the vocational expert, rendered his conclusions insufficient and not supported by substantial evidence. 190 F. Supp. 2d at 1177. In this case, however, although the plaintiff was not advised by the ALJ that the burden was on the Commissioner to establish that there were other jobs in the economy which she could perform, he did give her an opportunity to cross examine, which she took. TR 428.

Turning to the plaintiff's challenge to the ALJ's development of the record, plaintiff argues that the ALJ dismissed out of hand three evaluations provided to the state DDS by her doctor, concluding that she was not "able to obtain employment." TR 241-44. Plaintiff posits that the ALJ should have determined the doctor's identity at the administrative hearing and had the plaintiff explain how she obtained the forms. Further, the ALJ should have established the doctor's identity and compared his conclusions to his medical records in the file to establish the

---

decision on her claim did carry such advice:

> "**If You Want Help with Your Appeal**
> You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer of give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal."

TR 35. There is also a paragraph in the Notice of Hearing referring to "representation"; however, it does not specifically mention attorneys. TR 50. See also, Waiver of Representation, signed by plaintiff. TR 53.

foundation for his conclusion.  Alternatively, he should have sought more information from the doctor or asked him for additional information concerning his assessment through the use of written interrogatories.  Filing 17 at 17-18.

In addition, plaintiff argues that the ALJ failed to adequately assess her depression and insomnia, and cites newly provided evidence submitted to the Appeals Council but not before the ALJ.  Defendant argues that materiality of the newly provided evidence is "questionable."  Filing 20 at 11.

When additional evidence is submitted to the Appeals Council, it becomes relevant and material if it relates to the claimant's medical condition during the relevant period.  Cunningham v. Apfel, 222 F. 3d 496, 500-502 (8th Cir. 2000).  In this case there are several important medical documents that post-date the ALJ's decision.  Of particular note are:  a "Medical Source Statement" from Dr. Daher regarding an assessment he completed September 30, 2004, but based on his treatment of the plaintiff since 2000[5],  TR 329-336, 335; a "Mental/Emotional Capacity Analysis for Sustained Work Activity" also completed by Dr. Daher on September 30, 2004, TR 337-339; Dr. Daher's treatment notes on plaintiff during the relevant period, TR 285-328; and records from a psychiatric assessment done October 12, 2004 and treatment at the Creighton Psychiatry Department November 2, 2004.  TR 396-403.  The psychiatric assessment includes information self-reported by the plaintiff related to her psychological status, beginning in 1992.  TR 399.  I conclude that because these documents address the plaintiff's condition during the relevant period, they are material to her claim.

---

[5] It appears that the earliest date for which Dr. Daher's treatment notes are included in the record is March 27, 2003, TR 327.

I reject the defendant's contention that remand is inappropriate after the Appeals Council concludes that the ALJ's decision is supported by the record as a whole, including the added evidence. The Commissioner relies on Riley v. Shalala, 18 F. 3d 619 (8th Cir. 1994). However, in that case the decision of the Appeals Council clearly stated it had considered the two items of additional evidence, because it discussed both items and gave clear reasons why they did not alter the ALJ's conclusions. Id. at 622. In contrast, the Appeals Council's decision in this case does not discuss the additional evidence at all, and states only that "We found that this information does not provide a basis for changing the [ALJ's] decision." Tr 7-8. The Commissioner also cites Flynn v. Chater, 107 F. 3d 617 (8th Cir. 1997) and Carlson v. Chater, 74 F. 3d 869 (8th Cir. 1996), both of which rely on Riley. In Flynn, the Eighth Circuit concluded that the Appeals Council had analyzed the new evidence, and then itself analyzed the new medical report and found it only cumulative. 107 F. 3d. at 621. In Carlson, the Eighth Circuit also found that the text of the Appeals Council's decision made it "clear" that it had considered the new evidence, although the opinion does not include the language used by the Appeals Council in doing so, and, while it relied on Riley, did not disclose that the Appeals Council had specifically discussed the new evidence as was the case in Riley. In this case the added evidence is not merely cumulative; it provides much greater insight into the severity and duration of the plaintiff's impairments, including for the first time specific limitations on the plaintiff's physical capabilities and an authoritative psychiatric assessment.

In addition, since the added reports are from treating sources, they are entitled to considerable weight. "A treating physician's opinion is due controlling weight if that opinion is well supported by medically acceptable clinical and laboratory

9

diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Baker v. Barnhart, ____ F. 3d. ____, ____, 2006 WL 1596724, *10 (8th Cir. 2006), citing Ellis v. Barnhart, 392 F.3d 988, 995 (8th Cir. 2005) (quoting Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001)) (internal quotation omitted). That is, unless the ALJ finds that the treating physicians' conclusions are internally inconsistent with the physician's medical records, unsupported by medical findings, the result of unacceptable clinical or laboratory techniques, inconsistent with the medical records as a whole, inconsistent with the other evidence as a whole, or for other stated reasons not acceptable, the ALJ should give them "controlling weight." Id., Goff v. Barnhart, 421 F. 3d 785, 791 (8th Cir. 2005); 20 C.F.R. §404.1527(d)(2). However, a treating physician's opinion that a patient is not able to work is not a "medical opinion" but rather an opinion on the application of the statute to the doctor's objective findings, a decision left to the Commissioner. See, e.g., Vendenboom v. Barnhart, 421 F. 3d 745, 749 (8th Cir. 2005).

The Appeals Council's notice of decision indicates that it did consider the "additional evidence" submitted after the ALJ's decision; however, it does not indicate whether each of these items was considered, nor what weight, if any, the additional information from the treating physicians was given. This does not square with the requirement that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. §404.1527(d)(2); see also

10

SSR 96-2p.[6]  There are no reasons, "good" or not, explaining what weight was given to the treating sources' opinions.

The result of this omission in the Appeals Council's determination leaves the conclusions of the ALJ unsupported by substantial evidence.  It is clear that the ALJ relied on the reports of consulting sources and functional capacity studies and, to the extent he addressed it at all, rejected the opinion of the plaintiff's treating physician, Dr. Daher,[7] stating that it was unsupported.

The ALJ said, "No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." TR 21.  However, the added evidence does

---

[6]  "When the determination or decision:

>  is not fully favorable, e.g., is a denial; or
>
>  is fully favorable based in part on a treating source's medical opinion, e.g., when the adjudicator adopts a treating source's opinion about the individual's remaining ability to function;

the notice of the determination or decision *must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.*" (Emphasis added).

[7]  The ALJ did consider Dr. Daher's records, it appears. "[Dr. Daher] has not placed any specific restrictions on her." TR 22.  The records before him, however, did not contain any specific limitations, but merely Dr. Daher's opinions--if they are Dr. Daher's--that the plaintiff could not work. TR 241, 242.  That conclusion was not a "medical" opinion, as discussed above; in fact, it was given only in response to an inquiry from the Nebraska Department of Health and Human Services concerning plaintiff's eligibility for welfare benefits.

include such specific limitations that Dr. Daher reported the plaintiff suffers, TR 329-336. That evidence is from a treating source who had treated the plaintiff for approximately two years prior to the administrative hearing, and it refers to her condition during the applicable time period. The added evidence also addresses specific limitations in the assessment from Creighton. TR 395-403. As the November 23, 2004 notes indicate a treatment session, this source, too, is a treating source. The ALJ did not consider either of these assessments, and the Appeals Counsel gave no reason for apparently rejecting either of them.

> Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation. 20 C.F.R § 404.1527(d)(2); see also SSR 96-2p.

Prosch v. Apfel, 201 F.3d 1010, 1012-1013(8th Cir. 2000)(Affirming denial because two good reasons *were* given by the ALJ for rejecting the subject opinions).[8]

---

[8] SSA Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." See 20 C.F.R. § 404.1527(d)(2). Specifically, this regulation requires consideration of:

> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.

The regulation is construed in Social Security Ruling ("SSR") 96-2p, which states:

12

In addition, the ALJ noted a letter from R. Schuyler Gooding, M.D. dated September 26.  TR 166.  The ALJ accepted the opinion of Dr. Gooding, plaintiff's surgeon for the C4-5 diskectomy on April 30, 2001 and for the right ulnar nerve transposition done on August 15, 2002, that plaintiff was "fit for employment,"[9] and applied it to the plaintiff generally, as opposed to the subjects of Dr. Gooding's treatment, the neck and elbow.  TR 24.  There is no evidence in the record that Dr. Gooding examined or treated any other part of plaintiff's body than the neck and elbow, and no record of him addressing her subjective complaints of lasting post-operative pain, and no record of his treatment of her fibromyalgia.  His opinion should be limited to the skeletal conditions of plaintiff's neck and elbow.  The ALJ's transforming of Dr. Gooding's limited opinion into a global one, and then giving it "controlling weight" is not supported by the evidence in the record.

Finally, because the medical evidence concerning plaintiff's mental impairments was not before the ALJ but was accepted by the Appeals Council and applied to her condition during the applicable period, the ALJ did not have an opportunity to weigh this evidence

---

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected.  Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.  In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted even if it does not meet the test for controlling weight.

Newton v. Apfel, 209 F.3d 448, 455-456 (5th Cir. 2000).

[9] "If she decides not to get her right ulnar nerve operated, then the patient could certainly return to the work force, full-time, without significant restrictions."  TR 166.

at all, much less explain or include such considerations in his formulation of hypothetical questions to the vocational expert (VE). His conclusion rejecting as undocumented and incredible the mental impairments claimed by the plaintiff is not supported by the record as a whole as it now stands. The ALJ should be given an opportunity to review the plaintiff's application based on a full record.

IT THEREFORE HEREBY IS ORDERED: The Commissioner's decision is reversed and the matter remanded for a new hearing before the Administrative Law Judge.

DATED July 10, 2006

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge